# CIRCUIT COURT OF FAIRFAX COUNTY

Nicholas E. Kniska
and Polly S. Kniska

    v.

Subaru of America, Inc.

April 24, 2003

Case No. (Law) 207998

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter came before me on Defendant Subaru of America, Inc.'s Plea in Bar to a portion of Plaintiff Nicholas E. Kniska and Polly S. Kniska's Motion for Judgment. The Plea in Bar seeks dismissal of the Kniskas' breach of warranty claim under the Virginia Motor Vehicle Warranty Enforcement Act (the "VMVWEA"), Va. Code Ann. §§ 59.1-207.9 *et seq.* The Plea in Bar does not address that portion of the Kniskas' breach of warranty claim brought under the Magnuson-Moss Warranty Act.

The pleadings indicate that the Kniskas purchased and accepted delivery of a Subaru wagon on June 18, 1999. They claim the vehicle was defective and that Subaru has failed to conform their vehicle to the applicable warranties by failing to correct known defects and by its refusal to accept return of the vehicle. Subaru contends that this action is barred by the VMVWEA's eighteen month limitations period. Va. Code Ann. § 59.1-207.16 (Michie 2002). In response, the Kniskas assert that the VMVWEA permits an extension of the limitations period if the claimant notifies the manufacturer of the nonconformities during the lemon law rights period as provided in Va. Code Ann. § 59.1-207.13(C). They further claim that Subaru received actual

notice of the vehicle's nonconformities during the lemon law rights period each of the twelve times Mr. Kniska brought his vehicle in for repairs and reported its nonconformities to a Subaru dealer. As such, the Kniskas claim that their motion for judgment, filed October 1, 2002, was timely. I heard oral arguments by both parties on March 28, 2003, at which time I took the matter under advisement.

I find that the Kniskas' VMVWEA claim was not timely filed because the Kniskas failed to properly notify Subaru of the alleged nonconformities as required under the Act. I therefore sustain Subaru's Plea in Bar.

In support of its plea in bar, Subaru relies on the Kniskas' answer to Interrogatory No. 12, which provides:

> State when you or anyone acting on your behalf first notified Subaru of America of the alleged nonconformity, including the name of the person who made the notification, the name of the person at Subaru of America who was notified, and the manner of the notification (i.e., telephone call, letter, etc.).

> ANSWER: On August 12, 2002, Mr. Kniska contacted by letter Harry Crook, Subaru Regional Representative. On August 12, 2002, Mr. Kniska contacted by letter Subaru of America through their Customer Service Department.

At the March 28, 2003, hearing, the Kniskas presented no witnesses. However, the Kniskas proffered and Subaru agreed to stipulate to the following facts. On four occasions during the lemon law rights period (September 10, 1999, September 30, 1999, October 29, 1999, and November 18, 1999), the Kniskas took their vehicle to authorized Subaru dealers for warranty repair. Some of that repair involved the sunroof, which largely forms the basis of the Kniskas' claim of nonconformity in this case. The authorized dealers attempted to repair the deficiencies brought to them; sometimes they succeeded and sometimes (including as to the sunroof) they did not. Thereafter, the dealers conveyed the warranty repair invoices and claims to Subaru. Subaru received them and reimbursed the dealers for the repair work undertaken. The Kniskas claim that these repairs and subsequent payment by Subaru to the dealers for the work satisfy the VMVWEA's notice requirement and thus extend the limitations period.

The VMVWEA generally provides that, if a consumer has purchased a motor vehicle and reports a defect or nonconformity covered by the motor vehicle manufacturer's express warranty within the lemon law rights period, the manufacturer or its agent must perform the repairs necessary to correct the problem. See Va. Code Ann. §§ 59.1-207.12, 59.1-207.13 (Michie 2002); *Subaru of Am. v. Peters*, 256 Va. 43, 500 S.E.2d 803 (1998). If the vehicle cannot be conformed to the warranty after a reasonable number of attempts, the consumer is entitled to replacement of the vehicle or refund of the purchase price. *Id.*

Section 59.1-207.16 of the Code provides that a lemon law action must be brought within eighteen months after the date of original delivery of the new vehicle. The lemon law rights period may be extended if the consumer provides "notification" to the manufacturer of the need for correction or repair of the alleged nonconformity within eighteen months after the delivery of the vehicle. Va. Code Ann. § 59.1-207.13 (Michie 2002). "Notice" is given when either: (1) a written complaint of the defects has been mailed to the manufacturer; or (2) the manufacturer has responded to the consumer in writing regarding the complaint; or (3) a factory representative has either inspected the vehicle or met with the consumer or an authorized dealer regarding the nonconformity. Va. Code Ann. § 59.1-207.11 (Michie 2002). "Nonconformity" means a failure to conform to a warranty, a defect, or a condition, including those that do not affect the driveability of the vehicle, which significantly impairs the use, market value, or safety of a motor vehicle. *Id.*

Based on the evidence before the Court, the Kniskas failed to provide Subaru with sufficient notice of their vehicle's alleged nonconformities under the VMVWEA. Section 59.1-207.11 of the Code clearly defines the notice required to extend the VMVWEA's limitations period. The Kniskas admit that their first written notification to Subaru occurred on August 12, 2002, when they notified Harry Crook of their vehicle's alleged nonconformities, a date well outside the lemon law rights period. The Kniskas rely, however, on the fact that Subaru honored their warranty claims, four of which were made during the lemon law rights period, and assert that, even though they did not directly notify Subaru of the nonconformity within the lemon law rights period, Subaru had notice by other means within that same time frame. I disagree.

While there is no binding precedent directly on point, I find persuasive the reasoning employed by Judge William H. Ledbetter, Jr., in the case of *Smith v.*

*General Motors Corp.*, 35 Va. Cir. 112 (Fredericksburg 1995). In that case, and on similar facts, Judge Ledbetter opined that:

> It is a matter of common knowledge and human experience that new vehicles often need warranty work, sometimes a number of items of work, during the eighteen months after purchase. It would be unreasonable to declare that notice under the Act is imputed to the manufacturer after an uncertain, unspecified number of warranty repairs. Further, in this case, the warranty repairs were not all the same or similar. [Plaintiff] returned the vehicle to the dealer a number of times with a wide variety of complaints. ... From a "warranty history" of these complaints, [General Motors Corp.] could not be on notice that [Plaintiff's] vehicle was so significantly impaired that she had a claim under the [VMVWEA]. As a matter of law, the court holds that a list of such disparate complaints to the dealer does not constitute notice to the manufacturer under the Act.

*Smith*, 35 Va. Cir. at 117. Similarly, in the present matter, the Kniskas had their vehicle repaired for a variety of alleged nonconformities. Such repairs were made at two different car dealerships. While, in each case, Subaru honored the warranty claims, Subaru could not be said to have notice of the Kniska's VMVWEA's claim based on the warranty history associated with the Kniska's vehicle.

Moreover, notice of nonconformities to an authorized dealer cannot be imputed to the manufacturer because the statute defines notice, other than written notice to the manufacturer, as that instance when "a factory representative has either inspected the vehicle or met with the consumer *or an authorized dealer* regarding the nonconformity." Va. Code Ann. § 59.1-207.11 (Michie 2002) (emphasis added). By its terms, the statute distinguishes between an authorized dealer and the manufacturer. If notice is provided when a factory representative either inspects the vehicle or meets with the consumer or an authorized dealer, then notice to the authorized dealer must necessarily be something other than notice to the manufacturer.

Finally, the Kniskas assert that § 59.1-207.11 does not provide the only means by which notice may be provided to the manufacturer. Even if that is true, simply having the vehicle repaired by a dealer and having the

manufacturer reimburse the dealer for those repairs does not constitute notification to the manufacturer that extends the lemon law rights period.

An order sustaining Subaru's Plea in Bar and noting the Kniskas' exceptions [has been entered].